IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZACHARY STEPHEN REEDER,

    Petitioner,

v.                                                                   No. 22-cv-533-KG-KRS
                                                                  No. 17-cr-2904-KG-SMV-1

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter comes before the Court on Petitioner Zachary Stephen Reeder's 28 U.S.C. § 2255 habeas petition. (CR Doc. 78; CV Doc. 1) (the "Motion"). Reeder asks the Court to vacate his federal convictions for, inter alia, firearm violations, assaulting federal officers. The Court previously directed Reeder to show cause why the Motion should not be dismissed as untimely. Having reviewed Reeder's response (Doc. 7), the relevant law, and the dockets in the above captioned cases, the Court will dismiss the Motion with prejudice as untimely.

Procedural Background

In a series of events spanning May through July 2017, Reeder, a convicted felon, traveled from Arizona to New Mexico with firearms and ammunition, hit and threatened to shoot his girlfriend/traveling companion, robbed two banks at gun point, led officers and agents of various state and federal law enforcement agencies on a high speed chase in a stolen vehicle, and intentionally rammed the vehicle into the front end of an FBI vehicle occupied by two agents. (CR Doc. 52) at 8-10. Reeder pled guilty to nine counts of a ten-count indictment stemming from these incidents in September 2018. (CR Docs. 52, 53). The Court sentenced Reeder to 25 years imprisonment on June 11, 2019, and entered its judgment and sentence the same day. (CR Docs.

63-64). Reeder sought to appeal the judgment over six months later; the appeal was dismissed as untimely. (CR Doc. 70). On January 27, 2021, the Court entered an amended judgment to modify the restitution provision. (CR Doc. 76). Reeder did not appeal the amended judgment. Reeder filed the Motion over seventeen months later. (CR Doc. 78; CV Doc. 1). As grounds for relief he argues, among other things, that counsel rendered ineffective assistance by advising him to enter into the plea agreement which, he contends, violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. (CV Doc. 1) at 1-6. He seeks to nullify the plea agreement and proceed to trial. (CV Doc. 1) at 7.

Discussion

The Motion is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2255. Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a ... habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim ... through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the amended judgment was entered on January 27, 2021. (CR Doc. 76). The Court assumes without deciding that it triggered a new appeal period. The amended therefore became final no later than February 11, 2021, following the expiration of the 14-day appeal period. *See United States v. Burch,* 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). There was no case activity in the year that followed, and the limitation period expired on February 14, 2022. Accordingly, Reeder's § 2255 Motion, filed July 19, 2022, is apparently time-barred.

Based on the apparent untimeliness of the Motion, the Court required Reeder to show cause why his § 2255 Motion should not be dismissed. Reeder responded that his claim of actual innocence allows his claim to pass through the impediment of the expired statute of limitations. (Doc. 7) at 2. He argues, as well, that the evidence of his actual innocence could not previously have been discovered through the exercise of due diligence. (Doc. 7) at 2-3.

If proved, a claim of actual innocence "serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] ... expiration of the statute of limitations." *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). "[T]enable actual-innocence

3

gateway pleas are rare: 'a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make a credible actual innocence claim, the petitioner must "support his allegations . . . with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Reeder does not proffer any new, credible evidence that he is factually innocent of the crimes. His conclusory assertion that such evidence exists and was only recently discovered is inadequate to meet his burden of persuasion. The actual innocence gateway exception therefore does not apply here.

The arguments in the Motion, under the heading "actual innocence," including double jeopardy, ineffective assistance of counsel leading to an involuntary plea agreement, and erroneous sentence calculation (Doc. 1) at 1-6, are relevant to a theory of *legal* as distinct from *factual*, innocence. *See, e.g., Steele v. Young*, 11 F.3d 1518, 1522 n.8 (10th Cir. 1993) (prevailing on merits of double jeopardy claim would show only "legal innocence" not "factual innocence); *United States v. Caldwell*, No. 21-4026, 2021 WL 4911064, at *2 (10th Cir. Oct. 21, 2021), cert. denied, 212 L. Ed. 2d 613, 142 S. Ct. 2660 (2022) "([I]n this circuit, 'a person cannot be actually innocent of a noncapital sentence.'" (Citing *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993)); *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (petitioner's "claim that his guilty plea was involuntary" is not assertion of actual innocence); *Childers v. Crow*, 1 F.4th 792,

4

799 n.5 (10th Cir. 2021) (recognizing that challenging conviction on ground of ineffective assistance of counsel does not implicate innocence). To the extent Reeder has newly discovered evidence that would support these legal theories, they do not support an actual innocence claim.

For these reasons, the actual innocence gateway exception cannot save Reeder's untimely Motion. The Court will therefore dismiss the § 2255 Motion with prejudice. When issuing a dispositive habeas ruling, the Court must consider whether to issue or deny a certificate of appealability (COA) under Habeas Corpus Rule 11. A COA may only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds the time-bar is not reasonably debatable and will deny a COA.

IT IS THEREFORE HEREBY ORDERED that:

(1) The Motion (CR Doc. 78; CV Doc. 1) is dismissed with prejudice and the Court will enter a separate judgment.

(2) A certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE

5